UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                 :
STEVEN HIGHT,                    :
                                 :
          Petitioner,            :    Civ. No. 17-4714 (NLH)
                                 :
     v.                          :    OPINION
                                 :
WARDEN MARK KIRBY,               :
                                 :
          Respondent.            :
_____:
```

APPEARANCES:
Steven Hight
58428-066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner <u>Pro</u> <u>se</u>


<u>HILLMAN, District Judge</u>

     Petitioner Steven Hight, a prisoner confined at the Federal

Correctional Institution ("FCI") in Fairton, New Jersey, filed

this writ of habeas corpus under 28 U.S.C. § 2241, challenging a

sentencing enhancement. (ECF No. 1.) At this time, the Court

will review the Petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases, (amended Dec. 1, 2004), made

applicable to § 2241 petitions through Rule 1(b) of the Habeas

Rules. <u>See also</u> 28 U.S.C. § 2243. For the reasons expressed

below, this Court will dismiss the Petition for lack of

jurisdiction.

## I. BACKGROUND

The Third Circuit Court of Appeals provided the following summary of Petitioner's underlying criminal case in a prior opinion:

> Following a jury trial, Hight was convicted of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of § 18 U.S.C. § 922(g). In May 2005, he was sentenced as a career offender to a term of 240 months of imprisonment. We affirmed the judgment on appeal. United States v. Hight, 181 F. App'x 226 (3d Cir. 2006).
>
> In 2007, Hight filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits. Rather than appealing from that denial, Hight filed two motions, one challenging the constitutionality of § 922(g), the other seeking a modification of his sentence via under 18 U.S.C. § 3582. The District Court denied the motions, and we affirmed (albeit treating the former motion as an unauthorized successive § 2255 motion and denying Hight a certificate of appealability for that claim). See United States v. Hight, 304 F. App'x 31 (3d Cir. 2008) (per curiam).

United States v. Hight, 611 F. App'x 65, 66 (3d Cir. 2015). On May 11, 2016, Petitioner filed a request for leave to file a second or successive § 2255 petition with the Third Circuit, based on the Supreme Court's holding in United States v. Johnson, ___ U.S. ___, 135 S. Ct. 2551 (2015). In Re: Steven

<u>Hight</u>, Civil Action No. 16-2263 (3d Cir. 2016).  That matter is currently stayed.  <u>Id.</u>

In the instant § 2241 Petition before this Court, Petitioner argues that based on the holdings in <u>Mathis v. United States</u>, 579 U.S. (2016); <u>Holt v. United States</u>, 843 F.3d 720 (7th Cir. 2016); <u>Hill v. Masters</u>, 836 F.3d 591 (6th Cir. 2016); <u>United States v. Wright</u>, 681 F. App'x 418 (5th Cir. 2017); and <u>United States v. Hinkle</u>, 832 F.3d 569, 570 (5th Cir. 2016), his prior convictions no longer qualify him as a career offender and he should be re-sentenced.  (Pet. 5-11.)

## II.  DISCUSSION

### A.  Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas

corpus petition if it appears from the face of the petition that
the petitioner is not entitled to relief.  See Denny v. Schultz,
708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§
2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in
In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255
has been the "usual avenue" for federal prisoners seeking to
challenge the legality of their confinement.  See also Okereke
v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United
States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011);
United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa.
1997) (challenges to a sentence as imposed should be brought
under § 2255, while challenges to the manner in which a sentence
is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it
appears that the remedy by motion is inadequate or ineffective
to test the legality of [Petitioner's] detention."  See 28
U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that
the remedy provided by § 2255 is "inadequate or ineffective,"
permitting resort to § 2241 (a statute without timeliness or
successive petition limitations), where a prisoner who
previously had filed a § 2255 motion on other grounds "had no

4

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."
Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a

drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the <u>Dorsainvil</u> exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. <u>See</u> <u>Scott v. Shartle</u>, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in <u>In re Dorsainvil</u> and cannot proceed under § 2241") (citation omitted); <u>McIntosh v. Shartle</u>, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in <u>Dorsainvil</u> and may not proceed under § 2241") (citation omitted); <u>Johnson v. Scism</u>, 454 F. App'x 87, 88 (3d Cir. 2012) (same); <u>Wyatt v. Warden FCI Fort Dix</u>, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging

his sentencing enhancement under <u>Mathis</u>); <u>Newman v. Kirby</u>, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); <u>Coleman v. Kirby</u>, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since he has previously filed a § 2255 petition, Petitioner must seek permission from the United States Court of Appeals for the Third Circuit to bring a second or successive petition under 28 U.S.C. § 2255(h) in the Eastern District of Pennsylvania. <u>See</u> 28 U.S.C. §§ 2255(h); 2244. The Court finds that it is not in the interests of justice to transfer this habeas Petition because, as discussed above, Petitioner already has a § 2244(b) motion before the Third Circuit which is currently stayed, <u>In Re: Steven Hight</u>, Civil Action No. 16-2263 (3d Cir. 2016).[1] <u>See</u> <u>Scott v. Johnson</u>, No. 17-4654, 2017 WL 4022803, at *2 (D.N.J. Sept. 13, 2017) (dismissing § 2241 petition pursuant to <u>Mathis</u> when § 2244

---

[1] In light of that motion being stayed, we assume he may seek leave to expand the relief he seeks from the Circuit, or may amend his motion there to include his <u>Mathis</u> claim.

motion pursuant to <u>Johnson</u> currently pending before Third Circuit); <u>Mines v. Johnson</u>, No. 17-4493, 2017 WL 3718162, at *2 (D.N.J. Aug. 29, 2017) (same).

**III. CONCLUSION**

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.


Dated: January 18, 2018        s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.